UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

MARK MORELOCK, )
 )
  Plaintiff, ) Civil Action No. 12-CV-93-HRW
 )
V. )
 )
M. SEPANEK, WARDEN, *et al.*, ) **MEMORANDUM OPINION**
 ) **AND ORDER**
  Defendants. )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Mark Morelock is an inmate confined in the Federal Prison Camp located on the campus of the Federal Correctional Institution ("FCI") in Ashland, Kentucky. Proceeding without an attorney, Morelock has filed a civil rights complaint [D. E. No. 1] asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine set forth in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Morelock alleges that Joe Jenkins, the Garage Supervisor at the prison, improperly removed him from his prison job; that he was denied a hearing to adjudicate his employment claims; and that Bureau of Prisons ("BOP") officials failed to properly respond to his administrative grievances. Morelock seeks to be returned to his prison job and requests back pay, a hearing, and an order declaring certain prison policies invalid.

The Court must conduct a preliminary review of Morelock's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Morelock's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Morelock's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Morelock's complaint, the Court will dismiss it with prejudice because Morelock has no protected liberty interest in either a prison job or a grievance process which produces favorable results.

## DISCUSSION

In his complaint, Morelock alleges that he had been employed as a Recycling Equipment Operator for UNICOR[1] at FCI-Ashland for approximately twenty months when Jenkins accused him of abusing the equipment and terminated him from that

---

[1] UNICOR is the trade name for Federal Prison Industries, a work program established by the Bureau of Prisons for qualified federal inmates. 28 C.F.R. § 345.10.

position. Morelock contends that the recycling equipment broke down because prison officials failed to properly maintain it, not because he abused it. Morelock claims that he was denied a hearing, that unidentified BOP officials were dilatory and refused to resolve his complaints, and that Program Statements on which the BOP relied in denying him administrative relief were arbitrary and capricious. [D. E. No. 1, p. 4]

Morelock alleges that he completed the administrative remedy process as to his claims. He did not attach copies of the grievances he filed to his compliant, but in an earlier action in this Court, he attached both his BP-11 appeal to the BOP Central Office, and that office's May 9, 2012, response.[2]

Morelock's complaint challenges his removal from his UNICOR job, the BOP's reliance on its applicable Program Statement, and the BOP's refusal either to reinstate him to his job or to afford him a hearing. However, such allegations fail to state a claim upon which relief may be granted because a prisoner does not have a constitutional right to prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir. 2006); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th

---

[2] *See Morelock v. Sepanak*, No. 0:12-CV-50-HRW (E.D. Ky. 2012) [D. E. No. 1-1,pp. 1-5, therein]. In that action, Morelock asserted the same UNICOR claims he presents now, but in a petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court dismissed the petition on September 12, 2012, because such claims can not be raised in a habeas petition. [D. E. No. 5, therein]

Cir. 1995) (prisoner's termination from UNICOR job and reassignment to non-UNICOR job did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life); *Karacsonyi v. Radloff*, 885 F. Supp. 368 (N.D.N.Y. 1995) (holding that prison officials have broad discretion in denying federal inmates the opportunity to participate in UNICOR and that federal prisoner's participation in UNICOR did not confer liberty interest sufficient to trigger a constitutional due process protection). Further, as neither the Constitution nor federal law create a property right for inmates in a prison job, they likewise do not create a property right to wages for work that inmates perform. *See Carter v. Tucker*, 69 F. App'x 678, 680, (6th Cir. 2003); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

In addition, Morelock has not alleged that warden Sepanek was personally involved in removing him from his UNICOR job, nor identified what, if any, action the warden took which allegedly violated his constitutional rights. Absent such allegations, he fails to state a claim against Sepanek upon which relief can be granted. *Walker v. Simpson*, No. 10-13696, 2012 WL 124937, at *4 (E.D. Mich. Jan. 12, 2012); *see also Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (stating that "some factual basis for the claims under § 1983 must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (stating that

4

conclusory allegations are insufficient to show that a defendant deprived the plaintiff of any statutory or constitutional rights).

The fact that Sepanek was the warden of FCI-Ashland and as such, the head administrator of the prison, does not subject him to vicarious liability for Jenkins's alleged actions. A federal employee is only liable under *Bivens* if he or she personally performed or was directly involved in the acts which violated the plaintiff's constitutional rights, or if he participated in, condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2003). A government official is not liable for the actions of his or her subordinates merely because he or she possesses authority to supervise their actions; a supervisory government employee is only liable for his or her own misconduct. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Ashcroft v. Iqbal*, 552 U.S. 662, 676-77 (2009). Morelock does not allege that Warden Sepanak had any direct involvement in the decision to terminate his employment, or that he condoned or encouraged Jenkins to fire him. Absent such personal involvement, Morelock states no viable constitutional claim against Sepanek.

Finally, to the extent Morelock's claims are predicated upon Sepanek's denial of or dilatory processing of his inmate grievances, Morelock states no claim for relief because prisoners have no constitutionally protected liberty interest in an effective

5

grievance procedure. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Overholt v. Unibase Data Entry, Inc.*, 2000 WL 799760, at *3 (6th Cir. 2000). For these reasons, Morelock's complaint will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Mark Morelock's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**;

2. This proceeding is **DISMISSED** from the Court's active docket; and

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This February 27, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge